Dear Master Casey:
You have requested our opinion whether retired masters who are members of the Judges' Retirement System are eligible for health insurance benefits under the State Employee and Retiree Health and Welfare Benefits Program established by Title 2, Subtitle 5 of the State Personnel and Pensions ("SPP") Article, Maryland Code. In our opinion, they are.
 I Current Statutory Text
Certain individuals are authorized by SPP § 2-508(b) to "enroll and participate in the health insurance benefit options established under the [State Employee and Retiree Health and Welfare Benefits] Program . . . ." To qualify, an individual must be a "retiree" and must meet the other criteria in SPP § 2-508(b)(1). For example, a retiree is eligible if the retiree "ended State service with at least 16 years of creditable service." SPP § 2-508(b)(1)(ii).[1]
Your letter indicates that some retired masters who are members of the Judges' Retirement System would meet the criteria related to "State service" and "creditable service." The term "creditable service" includes "service while a member of the Judges' Retirement System . . . ." SPP § 2-508(a)(2)(ii). The term "State service" includes "service with the State by . . . a member of the Judges' Retirement System . . . ." SPP § 2-508(a)(4)(ii). The membership of the Judges' Retirement System includes "a master in chancery or a master in juvenile causes who . . . was appointed . . . on or before June 30, 1989" and "serves full time as a master." SPP § 27-201(a)(3).
The only ambiguity about the masters' eligibility for State health insurance is whether they are "retirees." In relevant part, the definition of "retiree" is "a former State employee who receives a retirement allowance under Division II of this article." SPP § 2-508(a)(3)(i)1. SPP Division II includes Title 27. Thus, a master who qualifies as a member of the Judges' Retirement System under SPP Title 27 "receives a retirement allowance under Division II of this article." The question, then, is whether a master is "a former State employee." The term "former State employee" is not defined.
 II Evolution of the Statute
The predecessor of SPP § 2-508 was enacted as part of Chapter 290 of the Laws of Maryland 1984. The 1984 legislation, codified in former Article 64A, § 48B, allowed most pension beneficiaries, "as defined in Articl[e] 73B," to "participate . . . in the State Employees Health Insurance Program provided that the beneficiary . . . retired from State service with a State retirement allowance from July 1, 1984" and "had at least 5 years of State service." Former Article 64A, § 48B(b). The term "State service" was defined to mean "service with the State as an employee, judge, teacher, or correctional officer as defined in Article 73B, §§ 1(3), 55(f), 81(3), 111(4), 140(4), and 156(a), and Article 88B, § 49(3)."
When Chapter 290 was enacted, the term "judge," as defined in former Article 73B, § 55(f), included "any master in chancery or master in juvenile causes appointed in any county by the circuit court for that county and who serves on a full-time basis as a master . . . ." Therefore, these masters were engaged in "State service" as that term was defined in former Article 64A, § 48B(a), and, after becoming pension "beneficiaries" with at least five years of State service, also became eligible for State health insurance benefits.
The next year, in Chapter 745 of the Laws of Maryland 1985, the General Assembly altered the eligibility criteria under former Article 64A, § 48B. Chapter 745 retained the prior definition of "State service" but also more fully defined the term "beneficiary" and introduced the concept of "creditable service." So, for example, a "beneficiary" was made eligible for State health insurance benefits if the beneficiary "retired directly from State service with a State retirement allowance from July 1, 1984" and "had at least 5 years of creditable service." Former Article 64A, § 48B(b)(1).[2] As newly defined, the term "beneficiary" included a "judge . . . receiving a retirement allowance under the provisions of Article 73B . . . ." § 48B(a)(1). The term "creditable service" was defined as, in relevant part, "service as a judge." § 48B(a)(2)(ii).
The term "judge" was not defined separately for purposes of § 48B. In our view, the Legislature intended that the definition of "judge" in the pension law would carry over to this section as well. "It is presumed that the General Assembly acted with full knowledge of prior legislation and intended statutes that affect the same subject matter to blend into a consistent and harmonious body of law." State v. Bricker, 321 Md. 86, 93, 581 A.2d 9
(1990). Indeed, the unchanged definition of "State service," with its reference to the definition of "judge" in Article 73B, § 55(f), made this usage explicit. Because, for pension purposes, the term "judge" included full-time masters, the 1985 legislation did not change the eligibility of retired masters for State health insurance.
In 1989, the General Assembly made a major change in the pension status of masters. Newly appointed masters were no longer to be part of the Judges' Retirement System. Instead, they were to become part of the State Employees Pension System. This policy was carried out in part by redefining the term "judge" in former Article 73B, § 55 to limit the definition to those masters serving prior to the effective date of the new law: "`Judge' . . . includes . . . any master in chancery or master in juvenile causes appointed on or before June 30, 1989 in any county by the circuit court for that county and who serves on a full-time basis as a master. . . ." Former Article 73B, § 55(h). Masters appointed after June 30, 1989, were added to the definition of "employee" in § 111(4)(b) and so became members of the Employees Pension System.
These changes, however, did not affect the eligibility of masters in the Judges' Retirement System for State health insurance benefits.[3] These masters were still "judges," for purposes of the definitions of "beneficiary," "creditable service," and "State service" in former Article 64A, § 48B(a).
Subsequent recodification of the retirees' health insurance law was not intended to have the substantive effect of depriving these masters of the eligibility that they had prior to the recodification. In Chapter 10 of the Laws of Maryland 1993, the General Assembly enacted provisions governing retirees' eligibility for State health insurance benefits that are substantially identical to the provisions now codified SPP § 2-508.[4] The 1993 enactment used the term "retiree" and defined it exactly as it now appears in SPP § 2-508(a)(3). This definition, according to the Revisor's Note, was "new language derived without substantive change from former Art. 64A, § 48B . . . ."
To summarize, in 1984 masters in the Judges' Retirement System who met the statutory criteria were eligible for State health insurance benefits. They remained eligible after the 1985 amendments to the statute. Neither the 1989 change in the pension law affecting masters nor the 1993 recodification of the retirees' health insurance law ended their eligibility.[5] For purposes of eligibility for State health insurance benefits, retired masters who were members of the Judges' Retirement System are properly viewed as "former State employees" and therefore as "retirees."
 III Conclusion
In summary, it is our opinion that masters in the Judges' Retirement System who meet the statutory criteria for State service and creditable service are eligible for State health insurance benefits.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Jack Schwartz Chief Counsel Opinions and Advice
[1] The full text of SPP § 2-508(b)(1) is as follows:
 A retiree may enroll and participate in the health insurance benefit options established under the Program if the retiree:
 (i) ended State service with at least 10 years of creditable service and within 5 years before the age at which a vested retirement allowance would normally begin;
 (ii) ended State service with at least sixteen years of creditable service;
 (iii) ended State service on or before June 30, 1984;
 (iv) retired directly from State service with a State retirement allowance on or after July 1, 1984, and had at least 5 years of creditable service; or
 (v) retired directly from State service with a State disability retirement allowance on or after July 1, 1984.
[2] Other eligibility criteria were termination from State service with 16 years or more of creditable service; termination from State service prior to July 1, 1984; and termination from State service with ten years of creditable service within five years of normal retirement age. Former Article 64A, § 48B(b)(2), (3), and (4).
[3] We were not asked to address the eligibility of other masters for State health insurance benefits. We express no view on that question.
[4] The 1993 recodification placed provisions regarding health benefits, including the retirees' health insurance law, in SPP Title 8, Subtitle 1. Chapter 347 of the Laws of Maryland 1996 moved these provisions into SPP Title 2, Subtitle 5.
[5] When the General Assembly decided to end the eligibility of a class of retirees for State health insurance, it legislated that result explicitly. See Chapter 218 of the Laws of Maryland 1986.
 *Page 154